UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NELSON RODRIGUEZ,

        Petitioner,

        v.                                            19--CV-06839 MAT
                                                        ORDER

ATTORNEY GENERAL WILLIAM P.
BARR, U.S. Attorney General and
JEFFREY SEARLS, Field Office Director
Buffalo Federal Detention Facility
("BFDF"),

        Respondents.

*Pro se* Petitioner, Nelson Rodriguez, is a civil immigration detainee currently held at the Buffalo Federal Detention Facility. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Docket Item 1.

## **DISCUSSION**

The filing fee for a petition for a writ of habeas corpus is $5.00. 28 U.S.C. § 1914(a). Whenever a civil immigration detainee submits a petition for a writ of habeas corpus, the prisoner must either (1) pay the filing fee or (2) submit a motion to proceed *in forma pauperis*. Under 28 U.S.C. 1915(a)(1), the *in forma pauperis* motion must include

an affidavit or affirmation establishing that the petitioner is unable to pay the fees and costs for the proceedings.[1]

Here, Petitioner did not pay the $5.00 filing fee nor did he submit a motion to proceed *in forma pauperis*.

## CONCLUSION

For the reasons set forth above, the Clerk of Court shall administratively terminate the Petition without prejudice. Petitioner is granted leave to move to re-open, no later than **thirty days from the date of this Order**, by either (1) paying the filing fee ($5.00) or (2) submitting a motion to proceed *in forma pauperis* that establishes Petitioner's inability to pay fees and costs.[2]

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall administratively terminate this action without prejudice without filing the Petition or assessing a filing fee; and it is further

ORDERED that the Clerk of Court shall send to Petitioner a form motion to proceed *in forma pauperis*; and it is further

---

[1] The Court has ordered that a form motion to proceed *in forma pauperis* with supporting affirmation be mailed to the petitioner. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened following the terms of this order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

ORDERED that if Petitioner wishes to re-open this action, he shall so notify this Court, in writing, no later than **thirty days from the date of this Order;** Petitioner's writing shall include either (1) a motion to proceed *in forma pauperis* that includes an affidavit or affirmation establishing his inability to pay fees and costs, or (2) the $5.00 filing fee; and it is further

ORDERED that upon the petitioner's submission of either (1) a motion to proceed *in forma pauperis*, or (2) the $5.00 filing fee, the Clerk of Court shall re-open this case.

SO ORDERED.

Dated: November 21, 2019
Rochester, New York

*s/ Michael A. Telesca*

MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE